# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JAMES CASTILLO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DEPT. MENTAL HEALTH, et al.,<br><br>　　　　Defendants. | 1:14cv00537 AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>**TWENTY-ONE DAY DEADLINE** |

　　　Plaintiff Christopher James Castillo ("Plaintiff"), a former California state prisoner, filed this action on January 4, 2012. The action was eventually transferred to this Court on April 8, 2014. Plaintiff is currently housed in a New Mexico state prison.

　　　On May 14, 2014, the new case documents sent to Plaintiff were returned by the United States Postal Service as "Undeliverable, RTS, Refused to Sign." On May 16, 2014, the order granting Plaintiff's application to proceed in forma pauperis was returned to the Court with the same notation.

　　　On May 14, 2014, the Court received a note from John Rimbey, the mail room clerk at the Penitentiary of New Mexico, where Plaintiff is currently incarcerated. The note indicates that Plaintiff is refusing all incoming legal correspondence.

Based on this information, the Court issued an order to show cause why the action should not be dismissed for failure to prosecute. Plaintiff was ordered to respond within twenty-one (21) days. Over twenty-one (21) days have passed and Plaintiff has not filed a response or otherwise communicated with the Court.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to these orders, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action, which was transferred to this Court on April 8, 2014, but has been pending since January 2012, can proceed no further without Plaintiff's cooperation and the action cannot simply remain idle on the Court's docket, unprosecuted. Id. Indeed, Plaintiff's actions in refusing his mail demonstrate that he no longer wants to prosecute this action.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that this action be DISMISSED based on Plaintiff's failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-

one (21) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 19, 2014**                               /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE